IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Joe Roberts, | ) C/A No. 6:14-421-JMC-KFM |
|                     Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| City of Laurens; Det. Tony Lynch, | ) |
|                    Defendants. | ) |
| _____ | ) |

Background

This *pro se* Plaintiff alleges he is a pretrial detainee at the Johnson Detention Center in Laurens, South Carolina, and he brings a civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Compl. 2–5. He alleges that he has been detained illegally since December 10, 2013, because Detective Tony Lynch ("Lynch") falsely accused, arrested, and jailed him for stealing a moped on October 19, 2013, from a Walmart in Laurens, South Carolina. *Id.* at 3. He alleges that there is no evidence against him, Lynch knew that someone else committed the crime, and Plaintiff asserts that he did not do it. *Id.* at 3–5. He alleges false arrest, false imprisonment, slander, harassment, breach of trust by a law enforcement officer, and abuse of privileges / officer misconduct.[1] *Id.* at 5. Plaintiff seeks $100,000 in damages and a resignation by Lynch. *Id.*

---

[1] From the body of the Complaint, it appears that Lynch may be the only defendant, and City of Laurens may be a descriptive term to indicate where Lynch is employed. Compl. 2. However, to the extent Plaintiff may be suing the City of Laurens as a defendant, he fails to state a claim on which relief may be granted because he does not allege the City has a policy or custom that caused him injury. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 689 (1978) (municipalities and other local government bodies are "persons" within the meaning of § 1983, but plaintiff must identify a municipal "policy or custom" that caused plaintiff's injury).

The on-line court records from Laurens County Eighth Judicial Circuit Public Index reveal that Plaintiff has a pending criminal charge in the Laurens County Court of General Sessions for Larceny / petit or simple larceny – $2,000 or less, Case Number 2013A3020400678.[2]  *See* Laurens County 8th Judicial Circuit Public Index, http://publicindex.sccourts.org/Laurens/PublicIndex/PISearch.aspx (search "Billy Joe Roberts") (last visited March 6, 2014).  The on-line record indicates that Plaintiff was arrested on the charge on December 10, 2013, a warrant was filed on December 19, 2013, and a true bill indictment was entered on February 21, 2014, indictment number 2014GS3000255.  *Id.*

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

---

[2] This court may take judicial notice of factual information located in postings on government websites.  *See Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

Thus, even if Plaintiff had prepaid the full filing fee, this court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Plaintiff's claim for violation of the Fourth Amendment based on an alleged false arrest should be dismissed because it fails to state a plausible claim on which relief may be granted.  Ordinarily, a plaintiff may state a claim for violation of the Fourth Amendment where he alleges he was detained without legal process or pursuant to legal process that was not supported by probable cause.  *See Wallace v. Kato*, 549 U.S. 384, 389–90 (2007); *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007).  However, where an indictment has been entered against a plaintiff on a certain charge, he cannot state a claim for false arrest on that charge because the indictment is affirmative evidence of probable cause sufficient to defeat a claim for false arrest.  *See Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (an indictment, fair upon its face, returned by a properly constituted grand jury conclusively determines the existence of probable

3

cause);*Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (false arrest claim precluded under § 1983 where grand jury indictment existed).

Plaintiff may be alleging a malicious prosecution claim under § 1983, which is properly understood as a Fourth Amendment claim for unreasonable seizure. *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). However, to state such a claim, Plaintiff must allege that the criminal proceedings have terminated in his favor. *Id.* Plaintiff has not alleged the element that the state criminal charge against him has been resolved in his favor so a malicious prosecution claim appears to be premature. Therefore, with respect to a Fourth Amendment malicious prosecution claim, Plaintiff fails to state a claim on which relief may be granted.

To the extent Plaintiff implicitly seeks to attack or halt the criminal charge pending against him in Laurens County, this court should abstain from interfering with the pending State charge. A federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances. In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). This court finds that Plaintiff can vindicate his federal constitutional rights and raise the issue of lack of evidence in the State proceedings. Therefore, it is appropriate for this court to abstain in this case.

Moreover, Plaintiff's requested relief that this federal court force Lynch to resign his employment is not available under the law. *See Provet*, 2007 WL 1847849, at

*5 (explaining that a federal court cannot reprimand, demote, or terminate employment of State officers because they are not within the executive control of federal district court).

Lastly, to the extent Plaintiff brings certain state law claims against Defendants, such as a slander claim, because there is no viable federal claim, the remaining state claims should not be adjudicated. See 28 U.S.C. § 1367(c)(3).[3] Because it is recommended that the constitutional claims should be dismissed, this court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to § 1367(c)(3). See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

### Recommendation

Based on the foregoing, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice*. **Plaintiff's attention is directed to the important notice on the next page.**

s/ Kevin F. McDonald
United States Magistrate Judge

March 10, 2014
Greenville, South Carolina

---

[3] This court does not have original diversity jurisdiction over Plaintiff's state law claims against Defendants. It appears that all parties are domiciled in South Carolina; thus, complete diversity of parties is lacking. See 28 U.S.C. § 1332(a).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).