# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Billy Joe Roberts, ) | |
| ) | Civil Action No.: 6:14-cv-00421-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| City of Laurens; Det. Tony Lynch, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Billy J. Roberts ("Plaintiff") filed this *pro se* and in *forma pauperis* action against Detective Tony Lynch ("Lynch") and the City of Laurens ("Defendant"),[1] seeking monetary damages, Lynch's resignation, and a public apology and alleging false arrest, officer misconduct and abuse of privileges, slander, and harassment.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling. On March 10, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court dismiss the case without prejudice and without issuance and service of process. (ECF No. 10 at 5.) This review considers Plaintiff's Objections to the Report ("Objections") filed March 24, 2014. (ECF No. 14.) For the reasons set forth herein, the court

---

[1] As the Report points out, it appears that Lynch may be the only defendant according to the Complaint. Plaintiff's Objection supports this assertion by stating that "[I] and sueing [sic] Detective Tony Lynch who works for the City of Laurens." (ECF No. 14 at 7.) Regardless, to the extent Plaintiff may be suing the City of Laurens as a defendant, Plaintiff fails to state a claim on which relief may be granted because he does not allege the City of Laurens has a policy or custom that caused him injury. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 689-690 (1978) (holding that municipalities and other local government bodies are "persons" within the meaning of § 1983, but plaintiff must identify a municipal "policy or custom" that caused plaintiff's injury).

1

**ACCEPTS** the Magistrate Judge's Report in part, **MODIFIES** the Magistrate Judge's Report in part, in accordance with public record information released after Plaintiff's Objections, and **DISMISSES** this action (ECF No. 1) without prejudice and without issuance and service of process.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff alleges he was wrongly arrested and jailed by Lynch on December 10, 2013, in regard to the theft of a moped from a Wal-Mart parking lot in Laurens, South Carolina. (ECF No. 1 at 3-4.) Plaintiff alleges that Lynch had information about two witnesses who could clear Plaintiff's name. (*Id*. at 3.) Plaintiff also alleges he was stopped by Lynch in November, before finally being arrested by Lynch in December. (*Id*. at 4.) At the time of the Complaint filing, Plaintiff had been incarcerated for more than sixty days. (*Id*.) Plaintiff seeks $100,000 in monetary damages and the resignation of Lynch, alleging false arrest, officer misconduct, abuse of privileges, slander, and harassment. (*Id*. at 5.)

The Magistrate Judge's March 10 Report found that Plaintiff failed to demonstrate a claim for false arrest or malicious prosecution that would allow the claims to be brought under 42 U.S.C. § 1983. (ECF No. 10 at 3-4.) The Magistrate Judge also found that the federal court should not interfere in the state court proceedings because Plaintiff could vindicate his constitutional rights, and raise evidence issues, in the state proceedings. (*Id*. at 4.) Additionally, the Magistrate Judge found the federal court could not force Lynch's resignation, and should not address state law claims. (*Id*. at 5.)

In response to the Magistrate Judge's Report, Plaintiff filed a timely Objection on March 24, 2014. (ECF No. 14.) In his Objection, Plaintiff repeats, in somewhat greater detail, the timeline he laid out in the Complaint (*Id*. at. 1-4), and reasserts his accusations of false arrest, misconduct, and abuse of privileges. (*Id.* at 6.) Plaintiff notes the differing dates of his arrest (December 10, 2013), the warrant issuance (December 19, 2014), and the indictment (May 12, 2014) (*Id*. at 5), and says he was detained without probable cause. (*Id*. at 8.) Plaintiff states he is suing Lynch, who is an employee of the City of Laurens, and asks for "justice [to be] served." (*Id*. at 7-8.) Additionally, Plaintiff takes issue with the Report for not addressing various tort claims and his pain and suffering. (*Id*. at 9.)

The online court records from Laurens County Eighth Judicial Circuit Public Index reveal that the state court proceedings against Plaintiff, from which this Complaint arises, were resolved when Plaintiff entered a guilty plea on May 12, 2014.[2]

## II.  LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which

---

[2] *See* Laurens County 8th Judicial Circuit Public Index, http://publicindex.sccourts.org/Laurens/PublicIndex/PISearch.aspx (last visited October 21, 2016) (showing the disposition of Plaintiff's original charge and indictment for Petit or Simple Larceny - $2,000 or less; Indictment Number 2014GS30000255; Case Number 2013A3020400678.). This court may take judicial notice of factual information located in postings on government websites. *See* Tisdale v. South Carolina Highway Patrol, No. 09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1, n. 1 (D.S.C. May 27, 2009); *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.")

specific objections are made. *Id*. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff filed this complaint in *forma pauperis* pursuant to 28 U.S.C. § 1915, which allows a federal court to proceed with a prisoner's complaint or action without the prepayment of court fees by the prisoner litigant. 28 U.S.C. § 1915(a)(1).[3] The statute attempts to restrain this privilege, and thus avoid allowing meritless lawsuits to flood the court system, by permitting a court to dismiss the case at any time upon finding that the action fails to state a claim on which relief may be granted. [4] § 1915(e)(2)(B)(ii).

*Pro se* complaints must be held to a less stringent legal standard than those complaints or proceedings drafted by lawyers, and a *pro se* document should be liberally construed by a federal court. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Technical niceties" should not defeat a meritorious claim when it can be amended to achieve justice. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, while a *pro se* complaint may be entitled to "special judicial solicitude," federal courts are not required to recognize "obscure or extravagant claims." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint will be dismissed, even under the lens of a liberal interpretation, "if it does not allege

---

[3] Plaintiff was incarcerated at the time of his Complaint and Objections filing. Though Plaintiff was released from incarceration in the matter relating to the present case in 2014, Plaintiff is currently incarcerated in Laurens County on charges unrelated to the present case. *See* Laurens County 8th Judicial Circuit Public Index, http://publicindex.sccourts.org/Laurens/PublicIndex/PISearch.aspx (last visited October 21, 2016).

[4] The statute also allows for a court to dismiss an in *forma pauperis* action for the following reasons: (1) the allegation of poverty is untrue; (2) the action or appeal is frivolous or malicious; and (3) the action or appeal seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(A)-(B).

'enough facts to state a claim to relief.'" *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

Federal courts are courts of limited subject matter jurisdiction and there is no presumption that the court has jurisdiction. *Pinkley Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). They are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."[5] *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Therefore, a federal court is required to determine if there is a valid basis for jurisdiction, "and to dismiss the action if no such ground appears." *Id.* at 352. A plaintiff who seeks jurisdiction, even a *pro se* plaintiff whose complaint must be viewed liberally, must "allege in his pleadings the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Subject matter jurisdiction can be attained through (1) federal question under 28 U.S.C. § 1331, and (2) diversity of citizenship pursuant to 28 U.S.C. § 1332.

Objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2). The Magistrate Judge correctly concludes that the allegations contained in Plaintiff's Complaint are not sufficient to show constitutional violations that would warrant relief under § 1983. Plaintiff's Objections do not bring forward any new facts that change this initial conclusion.

### III.  DISCUSSION

In regard to the application of federal question to this complaint, the essential allegations are insufficient to show that the civil complaint is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To state a claim under 42 U.S.C. § 1983, a

---

[5] U.S. CONST. art. III, § 2, cl. 1 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and Treaties made…").

plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) this violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  In his Objections, Plaintiff reasserts the allegations that he was falsely arrested and imprisoned, and implies malicious persecution by accusing Lynch of abusing police powers and harassing him.  These claims, if substantiated, would have deprived Plaintiff of his Constitutional rights, and allowed him to seek relief under § 1983, thus giving the court original jurisdiction under § 1331.

In his Objection, Plaintiff highlights the differing dates between his arrest, and the filing of the warrant and indictment, to show there was no probable cause for his arrest, and thus proving he was falsely arrested and imprisoned.  However, as the Report accurately notes, an indictment is affirmative evidence on probable cause to defeat a claim for false arrest.  *See Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 (1975), (holding where "an indictment, 'fair upon its face,' returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause.")) Furthermore, there is no evidence that Lynch "deliberately supplied misleading information that influenced [the grand jury] decision." *Durham*, 690 F.3d at 189 (recognizing that a grand jury's indictment will not shield a police officer who was intentionally misleading).  Additionally, "[f]or probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed…" *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002).  Plaintiff has not shown a constitutional violation in respect to his arrest.

In response to a potential malicious prosecution claim under § 1983, which is a Fourth Amendment claim for unreasonable seizure, *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir.

6

2012), the Report rejects any potential claim on the basis that Plaintiff's state criminal charges had not been resolved.[6] However, the Report is now outdated in regard to the state court proceedings. Even if it was determined that Plaintiff was arrested and imprisoned without probable cause, he would still not be able to seek relief under malicious prosecution because the state proceedings did not terminate in his favor (he pled guilty per Laurens County Eighth Judicial Circuit Public Index).

The Report also discussed how the federal court should not interfere in ongoing state court proceedings by awarding injunctive relief, unless in extraordinary circumstances. The Magistrate Judge felt that Plaintiff could vindicate his federal constitutional rights in the state court proceedings. In his Objections, Plaintiff emphasized how he welcomed a fair trial and simply wanted justice to be served. (ECF No. 14 at 8.) This aspect of the Report, and Plaintiff's Objections in regard to his desire for a fair trial, have been rendered moot by Plaintiff's guilty plea. Plaintiff has had his day in state court. This court need not halt or interfere with charges that have already been resolved.

Though Plaintiff objected to his tort claims against Lynch being left out of the Report, and asserted his continued desire for Lynch's resignation, the Magistrate Judge is correct in stating that Plaintiff's requested relief is not available under the law. *See Maxton v. Johnson*, 488 F. Supp. 1030, n. 2 (D.S.C. 1980) (citing *Shole v. Daly*, No. 75-1704 (4th Cir. 1976)) (stating that federal courts lack the authority to remove or reassign state employees).

---

[6] To state a malicious prosecution claim under § 1983, plaintiff must allege defendant (1) caused; (2) the seizure of plaintiff without probable cause; and (3) the criminal proceedings terminated in plaintiff's favor. *Evans,* 703 F.3d at 647.

This court agrees with the Magistrate Judge that because there is no viable federal claim,[7] any remaining state claims should not be adjudicated. Because the constitutional claims should be dismissed, this court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *See also Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.")

## IV.  CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 10) in part, **MODIFIES** the Magistrate Judge's Report in part, in accordance with public record information released after Plaintiff's Objections (ECF No. 14), and **DISMISSES** this action (ECF No. 1) without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 24, 2016
Columbia, South Carolina

---

[7] This court need not address subject matter jurisdiction in regard to diversity of citizenship. It appears that all parties are domiciled in South Carolina, thus, complete diversity is lacking. *See* 28 U.S.C. 1332(a).